UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL THOMAS,<br>　　Plaintiff,<br><br>　　v.<br><br>CENTRAL PENN CAPITAL<br>MANAGEMENT LLC, and KIMBERLY<br>BOWER,<br>　　Defendants. | :<br>:<br>:<br>: No. 5:21-cv-04370<br>:<br>:<br>:<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　**October 6, 2021**
**United States District Judge**

　　On October 5, 2021, pro se Plaintiff Carl Thomas filed his Complaint in the above-captioned matter.  *See* Compl., ECF No. 1.  Along with his Complaint, Thomas also filed an Emergency Motion for Temporary Restraining Order, *see* Mot. TRO, ECF No. 3, and an Emergency Motion for Stay of Eviction and Civil Restraining Order for Protection, *see* Mot. Stay, ECF No. 4.  Both of these emergency motions essentially ask this Court to stay Thomas' eviction, scheduled for October 7, 2021, pending the outcome of this case.

　　Although the allegations in the Complaint are sparse and unclear, it appears from the facts and the documents attached to the Complaint that there is an ongoing or completed state court case that led to Thomas' impending eviction.  To his Complaint, Thomas attaches affidavit exhibits that bear a caption in the Delaware County Court of Common Pleas.  See Compl. at Ex. 1, ECF No. 2-1.  Moreover, the handwritten Complaint indicates that the Defendants in this action filed a "writ of possession" seeking to forcibly remove Thomas from the property at issue. See Compl. 13.  Piecing the allegations and documents together, it appears that Thomas is asking

this Court to stay execution of an order of eviction issued as a result of the state court proceedings in the Delaware County Court of Common Pleas.

The *Rooker-Feldman* doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *See Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998) (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)). Thomas apparently asks this Court to reverse the decision of the Delaware County Court of Common Pleas in the underlying writ of possession action. Therefore, this Court appears to lack jurisdiction under the *Rooker-Feldman* doctrine to hear this matter. *See, e.g.*, *Pettigrew v. Deutche Bank Nat. Tr. Co., N.A.*, 07-60(JBS), 2007 WL 76660, at *1 (D.N.J. Jan. 8, 2007) (concluding district court lacked jurisdiction to stay the execution of an order of eviction issued by state court). Without jurisdiction to hear this matter, this Court cannot grant Thomas' requested relief and, therefore, Thomas' emergency motions, ECF Nos. 3 and 4, are dismissed for lack of jurisdiction.[1]

Notwithstanding, district courts have an obligation to construe the pleadings of pro se plaintiffs liberally. *See Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). At this time, this Court cannot say that Thomas could never establish this Court's jurisdiction over this matter. Accordingly, this Court permits Thomas an opportunity to show cause why this Court should not dismiss this matter for lack of jurisdiction under the *Rooker-Feldman* doctrine.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] To the extent Thomas can establish this Court has jurisdiction over this case *prior to* his eviction, he may petition this Court for reconsideration of his motions, ECF Nos. 3 and 4.